UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| | ) | |
| JACOB LOFARO, PPA NICOLE LOFARO, | ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| V. | ) | Civil Action No. 04-11297-MLW |
| | ) | |
| DEBORAH BRADLEY, LOUIS LAZ[1], and ASSOCIATES IN OBSTETRICS & GYNECOLOGY, | ) ) ) | |
| | ) | Formerly: Essex County |
| | ) | Superior Court |
| Defendants. | ) | Civil Action No. |
| | ) | 03-536 |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COUNTS IV THROUGH VI OF THE COMPLAINT AS THEY APPLY TO DEFENDANT LOUIS LAZ, M.D.**

The United States of America, on behalf of Louis Laz, M.D. (hereinafter "the defendant") respectfully requests that this Court dismiss with prejudice Counts IV through VI of the plaintiff's complaint in the above-captioned matter pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure as this Court lacks subject matter jurisdiction where the plaintiff has failed to timely file an administrative claim as required by the Federal Tort Claims Act. 28 U.S.C. § 2401(b).

**BACKGROUND**

On or about January 14, 2004, the plaintiff filed a complaint in the Essex County Superior Court for the Commonwealth of Massachusetts.  The complaint alleges medical malpractice by

---

[1]A Motion to Substitute the United States of America as the Proper Party Defendant for Louis Laz, M.D., is pending.

Deborah Bradley, M.D., Louis Laz, M.D., and Associates in

Obstetrics & Gynecology, Inc.  The complaint alleges that on or

about April 10, 1998, Dr. Laz failed to adequately and properly

diagnose and treat her son Jacob during his delivery.  The

plaintiff alleges that said negligence caused the plaintiff "to

sustain severe and permanent personal injuries; has incurred and

will continue to incur great expense for his medical, surgical,

and hospital care and treatment; has suffered and will continue

to suffer great pain of body and anguish of mind; has been and

will continue to be hospitalized; has been and will continue to

be unable to pursue normal activities; and his ability to enjoy

life has been permanently adversely affected."[2]  The complaint

also makes identical allegations against a Dr. Bradley and

Associates in Obstetrics & Gynecology, Inc., however, both of

these defendants were not deemed federal employees by the

Federally Supported Health Centers Assistance Act of 1992, 42

U.S.C. § 233(g)-(n) (hereinafter "FSHCAA"), and, thus, are not

covered by the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b),

2401(b), and 2671-80 (hereinafter "FTCA").

On or about June 14, 2004, the United States filed a Notice

of Removal with the United States District Court for the District

of Massachusetts on behalf of the defendant Dr. Laz.  Attached to

---

[2]See the complaint Count IV, paragraph 6, Count V, paragraph
5, and Count VI, paragraph 7.

the Notice of Removal was a certification by the United States

Attorney for the District of Massachusetts that the defendant Dr.

Laz was acting within the scope of his employment as an employee

of the United States at the time of the conduct alleged in the

complaint.   In addition, the United States filed a Notice of

Filing Notice of Removal with the Essex County Superior Court.

On or about June 16, 2004, the defendant filed a Motion to

Substitute the United States as Proper Party Defendant for Louis

Laz, M.D. and Memorandum in Support of said motion with the

United States District Court for the District of Massachusetts.

**ARGUMENT**

**I.   Standard of Review for a Motion to Dismiss**

A motion to dismiss challenges the sufficiency of the

complaint without being subjected to discovery or other costly

and time-consuming proceedings.  Rutman Wine Co. v. E. & J. Gallo

Winery, 829 F.2d 729, 738 (9th Cir. 1987).  As is customary, the

factual allegations of a complaint are taken as true.  E.g.,

Edwards v. John Hancock Mutual Life Insurance Co., 973 F.2d 1027,

1028 (1st Cir. 1992); Coyne v. City of Somerville, 972 F.2d 440,

443 (1st Cir. 1992).  See Scheuer v. Rhodes, 416 U.S. 232, 236

(1974); McDonald v. Commonwealth of Massachusetts, 901 F. Supp.

471, 475 (D. Mass. 1995).

**II.  Motion to Dismiss Pursuant to Rule 12(b)(1)**

This is a medical malpractice action brought by the

plaintiff against the defendant.  During the period of time

alleged in this complaint, the defendant was an employee of the

Lynn Community Health Center (hereinafter "LCH").  The Secretary

of Health and Human Services has deemed LCH eligible for FTCA[3]

coverage pursuant to the FSHCAA[4] on March 15, 1994, and renewed

its deemed status effective June 23, 1996.[5]  The FSHCAA provides

coverage to federally supported health centers and their

employees for acts or omissions which occurred on or after

January 1, 1993, or when the health center is deemed eligible for

coverage, whichever is later.  42 U.S.C. § 233(a).  Thus, all

actions for negligence of employees of health centers covered

under the act must be brought pursuant to the FTCA.  The United

States Attorney for the District of Massachusetts has certified

that the defendant was acting within the scope of his employment

with LCH at the time of the alleged medical malpractice.[6]

Consequently, the allegations against the defendant are covered

by the FSHCAA and the exclusive remedy is provided by the FTCA.

Under the FTCA, the only proper part defendant is the United

---

[3]28 U.S.C. §§ 1346(b), 2401(b), and 2671-80.

[4]42 U.S.C. § 233(g)-(n).

[5]Copies of the deeming letters were attached to the previously filed Notice of Removal as Exhibit B.

[6]The original certification of scope of employment by the United States Attorney for the District of Massachusetts was filed with the Notice of Removal as Exhibit C.

States.   28 U.S.C. § 2679.

For a plaintiff to maintain a suit against the United States

he must establish a waiver of sovereign immunity permitting such

a suit.   *See* Block v. North Dakota, 461 U.S. 273, 287 (1983).

The United States is "absolutely shielded from tort actions for

damages unless sovereign immunity has been waived."   United

States v. Testan, 424 U.S. 392, 399 (1976); United States v.

Mitchell, 445 U.S. 535, 538 (1980).   A waiver of sovereign

immunity cannot be implied, but must be unequivocally expressed.

Testan, 424 U.S. at 399.   Thus, except as Congress has consented,

no court has jurisdiction to hear an action against the United

States.   Id.

The FTCA provides this consent and is the exclusive damages

remedy for tort claims against the United States, it agencies, or

its officials.   28 U.S.C. § 2679(a) (1982); *see*, Eveland v.

Director of Central Intelligence Agency, 843 F.2d 46, 49-50 (1st

Cir. 1982).   However, Congress has explicitly conditioned its

waiver of sovereign immunity for tort claims against the United

States on the filing of an administrative claim with the

appropriate federal agency.   28 U.S.C. § 2675(a) (1982); *see*,

Eveland, 843 F.2d at 50.   "Under the Federal Tort Claims Act, it

is a jurisdictional prerequisite to the filing of suit in the

United States District Court that the plaintiff must first

exhaust his administrative remedies."   Gilday v. Webster, 582 F.

Supp. 732, 733 (D. Mass. 1984) (citing 28 U.S.C. § 2675(a)),

emphasis added; *see*, Haqmeyer v. Department of Treasury, 647 F.

Supp. 1300, 1304 (D.D.C. 1986) (citing Hohri v. United States,

782 F.2d 227, 345 (D.C. Cir. 1986)).  This jurisdictional FTCA

filing requirement is not subject to equitable waiver.  *See*,

Haqmeyer, 647 F. Supp. at 1304; Romero-Barcelo v. Brown, 478 F.

Supp. 646 (D.P.R. 1979).

    According to the records of the Department of Health and

Human Services (hereinafter "HHS"), the plaintiff has failed to

file an administrative claim as required by the FTCA and the two

year statute of limitations for filing an administrative claim

has long since expired.[7]  Therefore, the Court lacks subject

matter jurisdiction to hear the claim against the defendant under

the FTCA and a motion to dismiss is appropriate.

**CONCLUSION**

    For all of the above-mentioned reasons, the defendant

respectfully requests that this Court dismiss with prejudice

Counts IV through VI of the plaintiff's complaint in the above-

captioned matter pursuant to Rule 12(b)(1) of the Federal Rules

of Civil Procedure as this Court lacks subject matter

jurisdiction where the plaintiff has failed to timely file an

administrative claim as required by the Federal Tort Claims Act.

28 U.S.C. § 2401(b).

---

    [7]See Declaration of Beverly R. Dart attached as Exhibit A.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney


Dated: June 22, 2004          /S/ Christopher R. Donato
                              Christopher R. Donato
                              Assistant U.S. Attorney
                              U.S. Attorney's Office
                              John Joseph Moakley Courthouse
                              1 Courthouse Way, Suite 9200
                              Boston, MA   02210
                              Tel. No. (617) 748-3303

## CERTIFICATE OF SERVICE

I hereby certify that on this day service of the foregoing Motion to Dismiss has been made upon the following by depositing a copy in the United States mail, postage prepaid to:

Andrew C. Meyer, Jr., Esq.
Robert Higgins, Esq.
Lubin & Meyer, P.C.
100 City Hall Plaza
Boston, MA 02108

Charles P. Reidy, III, Esq.
Laura Marhoefer, Esq.
Martin, Magnuson, McCarthy & Kenney
101 Merrimac Street
Boston, MA 02114-4716

Joan Eldridge, Esq.
Foster & Eldridge
955 Massachusetts Avenue
Cambridge, MA 02139


Dated: June 22, 2004               /S/ Christopher R. Donato
                                   Christopher R. Donato
                                   Assistant U.S. Attorney