IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Jacob Lofaro, PPA Nicole Lofaro, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | |
| Deborah Bradley, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

DECLARATION OF
BEVERLY R. DART

1. I am an Attorney in the General Law Division, Office of the General Counsel, Department of Health and Human Services (the "Department"). I am familiar with the official records of administrative tort claims maintained by the Department as well as with the system by which those records are maintained.

2. The Department's Program Support Center has a Claims Branch that maintains in a computerized database a record of all administrative tort claims filed with the Department, including those filed with respect to federally supported health centers that have been deemed to be eligible for Federal Tort Claims Act malpractice coverage.

3. As a consequence, if a tort claim had been filed with the Department with respect to Lynn Community Health, Inc., its approved delivery sites, or its employees or qualified contractors, a record of that filing would be maintained in the Claims Branch's database.

4. I caused a search of the Claims Branch's database to be conducted and found no record of an administrative tort claim filed by Nicole and Jacob Lofaro or their authorized representative relating to Dr. Laz.

-2-

5. I have also reviewed official agency records and determined that Lynn Community Health, Inc., was deemed eligible for Federal Tort Claims Act malpractice coverage effective March 15, 1994, and that its coverage has continued without interruption since that time. Copies of the notifications by an Assistant Surgeon General, Department of Health and Human Services, to Lynn Community Health, Inc., are attached to this declaration as Exhibit 1.

6. Official agency records further indicate that Dr. Louis Laz was an employee of Lynn Community Health, Inc., at all times relevant to the Plaintiff's claim.

I declare under penalty of perjury that the foregoing is true and correct. 28 U.S.C. § 1746.

Dated at Washington, D.C., this 29th day of April, 2004

BEVERLY R. DART
Attorney, Claims and Employment Law Branch
General Law Division
Office of the General Counsel
Department of Health and Human Services